UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISON

| Glen Strickland, Jr., | ) | Civil Action No. 9:18-104-BHH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **OPINION AND ORDER** |
| Sgt. M. Blackwell, Sgt. Gaston, Ofc. Tapp, Sgt. Marcus Russell, Unknown Named Kershaw Sgt., Sgt. Williams, Ofc. Rollins, Ofc. Baskins, Ofc. Anderson, Sgt. Mungo, Ofc. Blackeney, | ) | |
| Defendants. | ) | |

Plaintiff Glen Strickland, Jr. ("Plaintiff"), a frequent filer of *pro se* litigation in this Court, brought this civil action pursuant to 42 U.S.C § 1983, alleging violations of his constitutional rights. (ECF. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on August 8, 2019. (ECF No. 94.) In his Report, Magistrate Judge Marchant recommends that Defendants Sergeant Michael B. Blackwell, Officer Anthony I. Tapp, Sergeant Marcus A. Russell, Officer James B. Rollins, Officer Brian T. Baskins, Sr., Officer Richard L. Anderson, Officer Carlos B. Blakeney, and Sergeant Trionda Mungo's (collectively "Defendants") motion for summary judgment be granted and this case be dismissed. (*Id.* at 26.) The Report sets forth in detail the relevant facts and standards of

1

law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

Magistrate Judge Marchant issued the Report on August 8, 2019. (ECF No. 94.) Defendants filed an objection on August 22, 2019, asserting that the Report failed to address whether Plaintiff's complaint should be counted as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act. (ECF Nos. 56, 56-1.) Defendants Ford, Williams, Cohen, Burton, Bryant, Myrick, and Fuller filed an objection to the Report insofar as it failed to address whether this action should be counted as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act. (ECF No. 57.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d

---

[1] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

2

310, 315 (4th Cir. 2005).

**DISCUSSION**

The Magistrate Judge first found that, Plaintiff exhausted his administrative remedies with respect to two of the eighteen grievances he filed at Kirkland Correctional Institution ("KCI") (or which represent issues that arose while Plaintiff was at KCI, though filed at other institutions)—Grievance Nos. KCI-638-16 and KCI-687-16. (ECF No. 94 at 5–10.) Accordingly, the Magistrate Judge concluded that, other than the claims raised in those two grievances, Defendants are entitled to dismissal of the claims asserted against them in this lawsuit. (*Id.* at 10.) Plaintiff does not seem to object to this conclusion, except perhaps by the conclusory assertion, "I cannot exhaust Step 1 grievances that have not been returned to me for my signature or confirmation." (*See* ECF No. 98 at 1.) However, in the Report the Magistrate Judge cogently explains the evidence that conclusively refutes Plaintiff's unsupported assertion that the Warden never responded to his Step 1 grievances. (*See* ECF No. 94 at 7–9.) The Court finds no error in the Magistrate Judge's analysis or recommendation. Therefore, to the extent Plaintiff's statement constitutes an objection it is overruled, and the recommendation is adopted.

The Magistrate Judge next reviewed the allegations contained in KCI-638-16 ("gang related inmate harassment/sexual harassment") and KCI-687-16 (May 16, 2016 incident). (*Id.* at 10–23.) With respect to Plaintiff's claims of harassment, the Magistrate Judge found that, assuming Plaintiff's allegations that one or more of the named Defendants are verbally harassing Plaintiff as true for purposes of summary judgment, the allegations set forth reprehensible conduct but fail to establish a viable constitutional claim. (*Id.* at 10–15.) Magistrate Judge Marchant further found that Plaintiff has provided

3

no evidence that Defendant Russell (or anyone else) actually sexually assaulted him, allowed other prison inmates to assault him, ever "beat [his] ass", or otherwise engaged in conduct sufficient to violate a constitutional right. (*Id.* at 15.) Accordingly, the Magistrate Judge concluded that Defendants are entitled to summary judgment on the harassment claims, and those claims should be dismissed. (*Id.* at 15–18.) Nonetheless, Magistrate Judge Marchant noted that his findings regarding the harassment claims do not preclude the possibility that Plaintiff may have some viable state law claim(s) relating to his harassment allegations, or some further internal prison remedies he may pursue. (*Id.* at 17–18.) However, the Magistrate Judge reiterated that the evidence simply fails to establish genuine issues of fact on claims of a constitutional magnitude. (*Id.* at 18.)

With respect to the May 16, 2016 incident, the Magistrate Judge found that, even considered in the light most favorable to the Plaintiff, the evidence shows the need for the application of force, that the officers present reasonably perceived a threat to staff as well as other inmates from Plaintiff, that the force used was for the purpose of gaining control of the Plaintiff, and that Plaintiff did not suffer extensive injuries as a result of this encounter. (*Id.* at 18–25.) Therefore, the Magistrate Judge concluded that the fact that Plaintiff describes, in conclusory fashion, the amount of force used against him as being "excessive"—including being punched or kicked, or having his head hit the cell door frame while he was being carried into his cell—is simply not sufficient by itself to create a genuine issue of fact that the amount of force used in this case was constitutionally excessive under the circumstances. (*Id.* at 24.) Accordingly, Magistrate Judge Marchant found that Defendants are entitled to summary judgment on Plaintiff's excessive force claim arising out of the March 16, 2016 incident and the claim should be dismissed. (*Id.*

at 25–26.)

Plaintiff first objects by arguing various aspects of his many disagreements with Defendants and alleged harassment by Defendants and other inmates. (*See* ECF No. 98 at 1–2.) Plaintiff's unsupported assertions fail to point the Court to any error in the Magistrate Judge's reasoning or conclusions. Plaintiff has not demonstrated a genuine dispute regarding a material fact relevant to any harassment claim of constitutional magnitude. The Court agrees with the sound analysis of the Magistrate Judge and overrules these objections.

Plaintiff next objects by arguing the details of the physical altercation between himself and Defendants on May 16, 2016. (*See* ECF No. 98 at 2–4.) Plaintiff makes various conclusory assertions about supposed discrepancies in Defendants' affidavits. (*See id.*) He states, "The evidence to show the amount of force used was unjustified under the circumstances was in bad faith, and malicious, is the contradictory and deceptive Incident Reports and Affidavits of the Defendants themselves." (*Id.* at 3.) However, Plaintiff's rambling, unsupported assertions fail to point the Court to any specific error in the Magistrate Judge's reasoning or conclusions and are unavailing to demonstrate the existence of any genuine issue of material fact that would prevent the entry of summary judgment. Accordingly, these objections are overruled.

The remainder of Plaintiff's objections address grievances that were not properly exhausted or lack the specificity and/or relevance to warrant individualized consideration here. (*See id.* at 1–4.) Suffice it to say, Plaintiff has not pointed the Court to any error in the Magistrate Judge's analysis. Accordingly, Plaintiff's objections are overruled *in toto*.

Defendants did not object to the substance of the Magistrate Judge's findings and

recommendations regarding disposition of Plaintiff's claims and dismissal of the case. (*See* ECF No. 96.) Therefore, the only issue still requiring the Court's consideration is Defendants' objection regarding the Report's failure to address whether this action should count as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act, which the Court will now address *de novo*.

Defendants argue that this case should be designated as a strike pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(1) and 1915A(b)(1), because the lawsuit is baseless and constitutes a waste of judicial resources. (*See* ECF No. 96 at 2–7.) This action is one of seven *pro se* lawsuits in this district—six of which have been assigned to the undersigned—that Plaintiff has filed *in forma pauperis* alleging similar or identical claims each time he is transferred to a new confinement facility. (*See id.* at 4–6 (summarizing the history of Plaintiff's lawsuits in the District of South Carolina and identifying repeated allegations and consistent failure to exhaust administrative remedies).) Indeed, the undersigned recently conducted an analysis of whether another of Plaintiff's lawsuits assigned to the Court should count as a strike and found that it should. *See* ECF No. 48, *Strickland v. Robinson, et al.*, No. 9:18-cv-793 (D.S.C. Sept. 11, 2019). However, the Court finds that the instant case should not count as a strike against Plaintiff because, though unsuccessful at surviving summary judgment, Plaintiff had at least a colorable excessive force claim regarding the May 16, 2016 incident and exhausted his administrative remedies regarding that claim. (*See* ECF No. 94 at 7, 18–25.) Accordingly, the Defendants' objection is overruled.

## **CONCLUSION**

For the reasons set forth above, the Report (ECF No. 94) of the Magistrate Judge

6

is ADOPTED and incorporated herein. The Court OVERRULES Plaintiff's and Defendants' objections (ECF Nos. 96 & 98). Defendants Blackwell, Tapp, Russell, Rollins, Baskins, Anderson, Blakeney, and Mungo's motion for summary judgment (ECF No. 75) is GRANTED, and this case is DISMISSED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 2, 2020
Charleston, South Carolina